No. 24-30043

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

v.

GEORGE PETERSON,

*Defendant-Appellant*.

Petition from the United States District Court
for the Eastern District Of Louisiana
Case No. 22-CR-231-1

**UNOPPOSED MOTION OF FIREARMS REGULATORY ACCOUNTABILITY COALITION, SILENCER SHOP, B&T USA, LLC, PALMETTO STATE ARMORY, LLC, AND SB TACTICAL FOR LEAVE TO FILE *AMICUS CURIAE* BRIEF IN SUPPORT OF DEFENDANT-APPELLANT'S PETITION FOR REHEARING EN BANC**

|  |  |
|---|---|
| | Stephen J. Obermeier |
| | *Counsel of Record* |
| | Michael D. Faucette |
| | Jeremy J. Broggi |
| | Boyd Garriott |
| | WILEY REIN LLP |
| | 2050 M Street NW |
| | Washington, DC 20036 |
| | (202) 719-7000 |
| March 13, 2025 | SObermeier@wiley.law |

# CERTIFICATE OF INTERESTED PERSONS

No. 24-30043; *United States v. Peterson*

The undersigned counsel of record certifies that, in addition to the persons and entities listed in Defendant-Appellant's Certificate of Interested Persons, the following persons and entities as described in the fourth sentence of Fifth Circuit Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the Judges of this Court may evaluate possible disqualification or recusal:

*Amicus Curiae* B&T USA, LLC ("B&T"). B&T has no parent corporation, and no publicly held company has any ownership interest in B&T.

*Amicus Curiae* Firearms Regulatory Accountability Coalition, Inc. ("FRAC"). FRAC has no parent corporation, and no publicly held company has any ownership interest in FRAC.

*Amicus Curiae* Hill Country Class 3, LLC d/b/a Silencer Shop ("Silencer Shop"). Silencer Shop has no parent corporation, and no publicly held company has any ownership interest in Silencer Shop.

*Amicus Curiae* NST Global, LLC d/b/a SB Tactical ("SB Tactical"). SB Tactical has no parent corporation, and no publicly held company has any ownership interest in SB Tactical.

*Amicus Curiae* Palmetto State Armory, LLC ("PSA"). PSA is wholly owned

by JJE Capital Holdings, LLC, a holding company.  No publicly held company has any ownership interest in JJE Capital Holdings, LLC.

Counsel for *amici curiae*, Stephen J. Obermeier, Michael D. Faucette, Jeremy J. Broggi, and Boyd Garriott.

| | |
|---|---|
| Dated: March 13, 2025 | <u>*/s/ Stephen J. Obermeier*</u><br>Stephen J. Obermeier<br>*Counsel of Record for* Amicus Curiae |

To the Honorable Court:

Pursuant to Federal Rules of Appellate Procedure 27 and 29(b)(3) and Fifth Circuit Rules 27.4 and 29, the Firearms Regulatory Accountability Coalition ("FRAC"), Silencer Shop, B&T USA, Palmetto State Armory, and SB Tactical move for leave to file the attached *amicus* brief in support of Appellant's petition for rehearing en banc. Counsel for *amici curiae* has conferred with counsel for both parties, and neither oppose this Motion.

## INTEREST OF *AMICI CURIAE*

*Amicus curiae* FRAC serves as the premiere national trade association representing U.S. and international firearms manufacturers, importers, and innovators on regulatory and legislative issues impacting the industry in the United States. *Amici curiae* Silencer Shop, B&T USA, Palmetto State Armory, and SB Tactical are members of FRAC that collectively design, manufacture, and sell firearms and firearms accessories.

FRAC regularly sues to vindicate its members' interests when the Government oversteps its authority to regulate firearms and firearms accessories. *See, e.g.*, *FRAC v. Garland*, 112 F.4th 507 (8th Cir. 2024) (holding firearms regulation unlawful). And FRAC and its members have repeatedly filed *amicus* briefs in this Court in furtherance of that mission. *See, e.g.*, *Cargill v. Garland*, No. 20-51016, Doc. 516416467 (5th Cir.) (filed Aug. 2, 2022) (en banc) (bump stocks);

1

*Mock v. Bondi*, No. 24-10743, Doc. 39 (5th Cir.) (filed Nov. 13, 2024) (pistol stabilizing braces).

As a commercial trade association, FRAC typically does not participate in criminal cases. But this case is different as the panel's overly broad reasoning may carry implications far beyond the innocence or guilt of Mr. Peterson. The panel held that "firearms accessories"—here, suppressors—are not protected by the Second Amendment because they are not "*necessary* to a firearm's operation." *United States v. Peterson*, 127 F.4th 941, 946-47 (5th Cir. 2025) (emphasis in original). FRAC members, including the members participating here as *amici*, manufacture and sell firearms and firearms accessories—including suppressors. The panel's opinion threatens to wrongly remove their products and customers from the protections of the Second Amendment. *Amici* thus have a significant interest in this case.

## REASONS FOR PERMITTING THE *AMICUS* BRIEF

This Court "welcome[s] amicus briefs" to facilitate "the robust and fearless exchange of ideas as the best mechanism for uncovering the truth." *Lefebure v. D'Aquilla*, 15 F.4th 670, 674-75 (5th Cir. 2021).

*Amici*'s brief will assist in this endeavor. The brief offers a broader perspective on how the panel's decision will affect the firearms and firearms accessory industry writ large—beyond just the criminal defendant in this case. It

explains how the panel's decision will apply to accessories beyond just silencers. And it outlines the potentially unintended consequences that will result from the panel's formulation of which instruments qualify as "Arms" under the Second Amendment.

FRAC and its members are uniquely positioned to address these issues, as they sell a variety of firearms and firearms accessories that may be affected by the panel's Second Amendment holding. The brief will thus assist the Court in better understanding the broader implications of the panel's decision, as it considers whether to grant the petition. *See, e.g.*, *Neonatology Assocs., P.A. v. Comm'r*, 293 F.3d 128, 133 (3d Cir. 2002) (Alito, J.) (granting leave to file amicus brief that "alert[ed] the [court] to possible implications of the appeal").

## CONCLUSION AND PRAYER

*Amici* respectfully request that the Court grant leave to file the attached *amicus* brief.

Dated: March 13, 2025

Respectfully submitted,

<u>*/s/ Stephen J. Obermeier*</u>
Stephen J. Obermeier
  *Counsel of Record*
Michael D. Faucette
Jeremy J. Broggi
Boyd Garriott
WILEY REIN LLP
2050 M Street NW
Washington, DC 20036
(202) 719-7000
SObermeier@wiley.law

*Counsel for* Amici Curiae

## CERTIFICATE OF COMPLIANCE

This Motion complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) and Fifth Circuit Rule 27.4 because it contains 555 words.

This Motion also complies with the typeface requirements of Federal Rules of Appellate Procedure 27(d)(1)(E), 32(a)(5), and 32(a)(6) because this brief has been prepared in proportionally spaced 14-point Times New Roman font.

Dated: March 13, 2025                    */s/ Stephen J. Obermeier*
                                                            Stephen J. Obermeier
                                                            *Counsel of Record for* Amici Curiae

## CERTIFICATE OF SERVICE

I certify that on March 13, 2025, I caused the foregoing to be served upon all counsel of record via the Clerk of Court's CM/ECF notification system.

Dated: March 13, 2025

*/s/ Stephen J. Obermeier*
Stephen J. Obermeier
*Counsel of Record for* Amici Curiae