# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

## NO. 24-30043

**UNITED STATES OF AMERICA,**
                         Plaintiff - Appellee

v.

**GEORGE PETERSON,**
                         Defendant - Appellant

Appeal From The United States District Court
For The Eastern District Of Louisiana

Honorable Jay C. Zainey, District Judge
Criminal Docket No. 22-231, Section "A"

## UNITED STATES'S RESPONSE TO PETERSON'S PETITION FOR REHEARING EN BANC

**MICHAEL M. SIMPSON**
**ACTING UNITED STATES ATTORNEY**
**EASTERN DISTRICT OF LOUISIANA**

**KEVIN G. BOITMANN**
**Assistant U.S. Attorney, Chief of Appeals**

**MEGAN R. ROBERTS**
**DAVID BERMAN**
**Assistant U.S. Attorneys**
650 Poydras Street, Suite 1600
New Orleans, Louisiana 70130
(504) 680-3052

**Attorneys for the United States of America**

**March 17, 2025**

# **TABLE OF CONTENTS**

TABLE OF CONTENTS...................................................................................... ii

TABLE OF AUTHORITIES............................................................................... iii

STATEMENT OF THE ISSUE ..............................................................................1

COURSE OF PROCEEDINGS ..............................................................................1

ARGUMENT..........................................................................................................3

     I.     The panel's decision does not conflict with Supreme Court precedent. ..............................................................................................3
     II.    This case does not present an exceptionally important question.........8

CONCLUSION.....................................................................................................12

CERTIFICATE OF SERVICE AND ECF COMPLIANCE..............................13

# TABLE OF AUTHORITIES

**Cases**

*Am. Stewards of Liberty v. Dep't of Interior*, 960 F.3d 223 (5th Cir. 2020).........11

*Bianchi v. Brown*, 111 F.4th 438 (4th Cir. 2024)......................................................9

*Cox v. United States*, No. CR11-00022RJB, 2023 WL 4203261
   (D. Alaska June 27, 2023)....................................................................................3

*District of Columbia v. Heller*, 554 U.S. 570 (2008)............................... passim

*Ezell v. City of Chicago*, 651 F.3d 684 (7th Cir. 2011).........................................7

*Hollis v. Lynch*, 827 F.3d 436 (5th Cir. 2016).......................................................9

*Kaszycki v. United States*, No. C19-1943, 2020 WL 2838598
   (W.D. Wash. June 1, 2020)..................................................................................3

*Luis v. United States*, 578 U.S. 5 (2016)..............................................................7

*McRorey v. Garland,* 99 F.4th 831 (5th Cir. 2024) ............................................10

*New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022) ........ passim

*United States v. Al-Azhari*, No. 8:20-cr-206-T-60AEP, 2020 WL 7334512
   (M.D. Fla. Dec. 14, 2020)....................................................................................3

*United States v. Beaty*, No. 6:22-cr-95, 2023 WL 9853255
   (M.D. Fla. Jan. 20, 2023).....................................................................................3

*United States v. Berger*, No. 5:22-cr-00033, 2024 WL 449247
   (E.D. Pa. Feb. 6, 2024).........................................................................................3

*United States v. Bradley*, No. 1:24-cr-00056, 2025 WL 487256
   (S.D. Ohio Feb. 13, 2025)....................................................................................3

*United States v. Cooperman*, No. 22-cr-146, 2023 WL 4762710
   (N.D. Ill. July 26, 2023).......................................................................................3

*United States v. Cox*, 906 F.3d 1170 (10th Cir. 2018) ................................. 2, 3, 6

United States v. DeBorba, 713 F. Supp. 3d 1042 (W.D. Wash. 2024).................... 3

United States v. DeFelice, No. 3:23-cr-116-OAW, 2024 WL 3028425
    (D. Conn. June 17, 2024)........................................................................ 3

United States v. Diaz, 116 F.4th 458 (5th Cir. 2024)............................................ 9

United States v. Hasson, No. GJH-19-96, 2019 WL 4573424
    (D. Md. Sept. 20, 2019).......................................................................... 3

United States v. Jernigan, No. 3:24cr104, 2024 WL 4294648
    (E.D. Va. Sept. 25, 2024)........................................................................ 3

United States v. Kaczmarek, No. 1:21-cr-20155, 2023 WL 5105042
    (E.D. Mich. Aug. 9, 2023)...................................................................... 3

United States v. Lightner, No.8:24-cr-21-WFJ-CPT, 2024 WL 2882237
    (M.D. Fla. June 7, 2024)........................................................................ 3

United States v. McCartney, 357 F. App'x 73 (9th Cir. 2009) .............................. 3

United States v. Peterson, 127 F.4th 941 (5th Cir. 2025)........................... passim

United States v. Peterson, No. 22-231, 2023 WL 5383664
    (E.D. La. Aug. 21, 2023)........................................................................ 3

United States v. Rahimi, 602 U.S. 680 (2024)..................................................... 4

United States v. Royce, No. 1:22-cr-130, 2023 WL 2163677
    (D.N.D. Feb. 22, 2023).......................................................................... 3

United States v. Saleem, 659 F. Supp.3d 683 (W.D.N.C. Mar. 2, 2023)................ 3

United States v. Saleem, No. 23-4693, 2024 WL 5084523
    (4th Cir. Dec. 12, 2024)................................................................ 2, 3, 6, 8

United States v. Villalobos, No. 3:19-cr-00040, 2023 WL 3044770
    (D. Idaho Apr. 21, 2023)........................................................................ 3

**Statutes**

26 U.S.C. §§ 5811-12...................................................................................9

26 U.S.C. §§ 5841–42...................................................................................9

**Rules**

5th Cir. R. 40 I.O.P ................................................................................9, 12

Fed. R. App. P. 40......................................................................................2, 12

## STATEMENT OF THE ISSUE

Whether the unanimous panel decision affirming the district court's ruling that a firearm suppressor is not an "arm" covered by the Second Amendment conflicts with a decision of the Supreme Court or otherwise raises a question of exceptional importance warranting rehearing en banc.

## COURSE OF PROCEEDINGS

A grand jury in the Eastern District of Louisiana indicted George Peterson for possessing an unregistered suppressor[1] in violation of the National Firearms Act ("NFA"). ROA.9–10. Peterson filed a motion to dismiss the indictment arguing that the registration requirement for suppressors violates the Second Amendment. ROA.82–110. The district court denied Peterson's motion, finding that suppressors are not "bearable arms" protected by the Second Amendment. ROA.158–68. Peterson entered into a conditional guilty plea and then appealed the district court's ruling. *See* ROA.162–66, 232–36.

After oral argument, a unanimous panel of the Court affirmed the district court's denial of Peterson's motion to dismiss the indictment. *United States v. Peterson*, 127 F.4th 941 (5th Cir. 2025) (*Elrod, C.J.*, Higginbotham, J., and Southwick, J.). The panel joined "every court to have addressed" the issue,

---

[1] The indictment and the district court decision used the term "silencer." The government uses the term "suppressor" here to be consistent with the language in the panel opinion.

including two other circuit courts, in holding that a suppressor is not an "arm" protected by the Second Amendment. *Id* at 946 (citing *United States v. Cox*, 906 F.3d 1170, 1186 (10th Cir. 2018); *United States v. Saleem*, No. 23-4693, 2024 WL 5084523, at *2 (4th Cir. Dec. 12, 2024). Citing Supreme Court precedent defining "arms" within the meaning of the Second Amendment, the panel held that, "to constitute an 'arm,' the object in question must be a weapon," and "[a] suppressor, by itself, is not a weapon." *Id.* at 945–46. The panel also rejected Peterson's argument that a suppressor is constitutionally protected as an "accoutrement[] that render[s] the firearm useful and functional" or by an implied right "to acquire and maintain proficiency" in the use of firearms. *Id.* at 946–47. The Court explained that a suppressor "is not necessary to the use of a firearm," and, unlike Peterson's analogy to a ban on firing ranges required for training and practice, the registration requirement for suppressors has not "rendered the right to bear arms meaningless." *Id.* at 947.

Peterson timely filed a petition for rehearing en banc under Federal Rule of Appellate Procedure 40. He argues that the panel's decision conflicts with Supreme Court precedent and that it presents a question of exceptional importance.

# ARGUMENT

## I. The panel's decision does not conflict with Supreme Court precedent.

This Court, the Tenth Circuit, the Fourth Circuit, and close to 20 federal district courts have held that a suppressor is not an "arm" within the meaning of the Second Amendment.[2] No court has found that it is.

Peterson's primary argument for rehearing en banc is that the panel's decision—and that of every court to decide the issue—was wrong because: (a) a firearm is an "arm"; (b) a suppressor is a useful attachment to a firearm insofar as it reduces the noise emitted when a firearm is discharged; and (c) because it is

---

[2] *See Saleem*, 2024 WL 5084523, at *2; *Cox*, 906 F.3d at 1186; *United States v. DeBorba*, 713 F. Supp. 3d 1042, 1064 n.6 (W.D. Wash. 2024); *United States v. Saleem*, 659 F. Supp.3d 683, 694-99 (W.D.N.C. Mar. 2, 2023); *United States v. Bradley*, No. 1:24-cr-00056, 2025 WL 487256, at *7–8 (S.D. Ohio Feb. 13, 2025); *United States v. Jernigan*, No. 3:24cr104, 2024 WL 4294648, at *8 (E.D. Va. Sept. 25, 2024); *United States v.* Peterson, No. 22-231, 2023 WL 5383664, at *1 (E.D. La. Aug. 21, 2023); *United States v. DeFelice*, No. 3:23-cr-116-OAW, 2024 WL 3028425, at *7 (D. Conn. June 17, 2024); *United States v. Lightner*, No.8:24-cr-21-WFJ-CPT, 2024 WL 2882237, at *2–3 (M.D. Fla. June 7, 2024); *United States v. Berger*, No. 5:22-cr-00033, 2024 WL 449247, at *15–17 (E.D. Pa. Feb. 6, 2024); *United States v. Cooperman*, No. 22-cr-146, 2023 WL 4762710, at *1 (N.D. Ill. July 26, 2023); *Cox v. United States*, No. CR11-00022RJB, 2023 WL 4203261, at *6–7 (D. Alaska June 27, 2023); *United States v. Kaczmarek*, No. 1:21-cr-20155, 2023 WL 5105042, at *2 (E.D. Mich. Aug. 9, 2023); *United States v. Villalobos*, No. 3:19-cr-00040, 2023 WL 3044770, at *12 (D. Idaho Apr. 21, 2023); *United States v. Royce,* No. 1:22-cr-130, 2023 WL 2163677, at *4 (D.N.D. Feb. 22, 2023); *United States v. Beaty*, No. 6:22-cr-95, 2023 WL 9853255, at *8 (M.D. Fla. Jan. 20, 2023); *United States v. Al-Azhari*, No. 8:20-cr-206-T-60AEP, 2020 WL 7334512, at *3 (M.D. Fla. Dec. 14, 2020); *Kaszycki v. United States*, No. C19-1943, 2020 WL 2838598, at *4 (W.D. Wash. June 1, 2020); *United States v. Hasson*, No. GJH-19-96, 2019 WL 4573424, at *4–5 (D. Md. Sept. 20, 2019), *aff'd*, 26 F.4th 610 (4th Cir. 2022). Other courts have also found that a suppressor is not protected by the Second Amendment on other grounds. *See, e.g.*, *United States v. McCartney*, 357 F. App'x 73, 76 (9th Cir. 2009) (holding that "[s]ilencers, grenades, and directional mines are not typically possessed by law-abiding citizens for lawful purposes") (internal quotation marks omitted).

3

useful and can be attached to a firearm, a suppressor also becomes an "arm." *See* Pet. for Reh'g at 1-4, 7. He does not, however, cite a single case—at any level—to support his argument that an attachment to a firearm that is not necessary for its operation becomes a constitutionally-protected "arm" by virtue of its attachment.

The only reference at all in Peterson's petition to Supreme Court precedent is the definition of "bearable arms" articulated in *District of Columbia v. Heller*, 554 U.S. 570 (2008). *See* Pet. for Reh'g at 6. "Bearable arms" are "weapons of offense, or armour of defence" and "any thing that a man wears for his defence, or takes into his hands, or useth in wrath to cast at or strike another." *Heller*, 554 U.S. at 582; *see also id.* at 582 ("the most natural reading of 'keep Arms' in the Second Amendment is to 'have weapons'"); *id.* at 592 (the Second Amendment "guarantee[s] the individual right to possess and carry weapons in case of confrontation"). The Supreme Court reaffirmed *Heller*'s delineation of the Second Amendment's scope as extending to "bearable arms" in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1, 21 (2022) and *United States v. Rahimi*, 602 U.S. 680, 691 (2024).[3]

---

[3] Amici argue that *Bruen* expanded the definition of "arms" to include non-weapons "that facilitate armed self-defense." *See* Firearms Regulatory Accountability Coalition, et. al., Amicus Curiae Br. 7 (quoting *Bruen*, 602 U.S. at 28); Gun Owners of America, Inc., et al., Amicus Curiae Br. 6-7 (same). In the referenced passage from *Bruen*, the Court is providing guidance on drawing analogies between modern and historical firearms regulations and pointing out that this is an exercise that is already done when applying the fixed definition of "arm" to modern weapons. The *Bruen* Court quoted *Heller*'s instruction that "the Second Amendment extends, prima facie, to all instruments that constitute bearable arms, even those that were not in existence

4

The panel's decision that a suppressor is not an "arm" because it is not a weapon plainly does not conflict with Supreme Court precedent that an "arm" means a weapon.

Rather, it is Peterson's proposed test that would contravene the Supreme Court's Second Amendment jurisprudence. A pillow or a plastic soda bottle taped to the barrel of a firearm can also reduce the noise from the discharge of a bullet. Do these items, too, become weapons when attached to a gun and therefore gain constitutional protection? And, of course, not all suppressors are created equal. If a suppressor is protected by the Second Amendment because it is a useful attachment, how much noise does it need to reduce before it becomes useful enough? How does a Court measure a suppressor's utility against Congress's reasons for imposing a regulation? Does a suppressor need to effect greater noise reduction for less onerous regulation?

---

at the time of the founding." *Bruen*, 597 U.S. at 28 (quoting *Heller*, 554 U.S. at 582). It continued that, "[t]hus, even though the Second Amendment's definition of 'arms' is fixed according to historical understanding, the general definition covers modern instruments that facilitate armed-self defense," *id.* (quoting *Heller*, 554 U.S. at 582), and cited stun guns as an example. The Court was not, *sub silentio*, massively expanding the meaning of "bearable arm" from *Heller* that it had just cited to include non-weapons. It was simply stating that weapons that are used for the core Second Amendment right of self-defense may be constitutionally protected even though they did not exist in the eighteenth century. In fact, Justice Alito specifically rejected Amici's argument here that *Bruen* expanded *Heller*'s definition of "arms" that receive constitutional protection. *See Bruen*, 597 U.S. at 72 (Alito, J., concurring) ("Our holding decides nothing about who may lawfully possess a firearm or the requirements that must be met to buy a gun. Nor does it decide anything about the kinds of weapons that people may possess.").

The "useful attachment" theory for constitutional protection that Peterson proposes cannot be located in the plain text of the Second Amendment. *See Bruen*, 597 U.S. at 24 ("When the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct."). Instead, it requires exactly the type of judicial interest-balancing that the Supreme Court repudiated in *Bruen*. *See id.* at 22 (explaining that Supreme Court precedent "expressly reject[s] the application of any judge-empowering interest-balancing inquiry that asks whether the statute burdens a protected interest in a way or to an extent that is out of proportion to the statute's salutary effects upon other important governmental interests") (internal quotations marks omitted).

The panel, like the Tenth Circuit, Fourth Circuit, and district courts across the country, correctly held that a suppressor is not an "arm" covered by the Second Amendment's text. *See, e.g.*, *Saleem*, 2024 WL 5084523, at *2 ("While a silencer may be a firearm accessory, it is not a 'bearable arm' that is capable of casting a bullet."); *Cox*, 906 F.3d at 1186 (A "silencer is a firearm accessory; it's not a weapon in itself (nor is it 'armour of defence'). Accordingly, it can't be a 'bearable arm' protected by the Second Amendment.").[4]

---

[4] Peterson attempts to distinguish the Tenth Circuit's decision in *Cox* on the grounds that it "predated *Bruen*, and so did not apply its test to determine whether suppressors are afforded any Second Amendment protection." Pet. for Reh'g at 8. But Peterson does not identify any such new test articulated in *Bruen* to determine whether an instrument constitutes an "arm." In fact, Peterson himself cites the definition of an "arm" from *Heller*. Pet. for Reh'g at 6. As the panel

Peterson's second argument is that possession of a suppressor is implicitly protected by the Second Amendment because they "facilitate the exercise of the Second Amendment right." Pet. for Reh'g at 9. He cites a concurring opinion in *Luis v. United States*, a case about the Sixth Amendment, that constitutional rights "implicitly protect those closely related acts necessary to their exercise." 578 U.S. 5, 26 (2016) (Thomas, J., concurring in the judgment). He also cites *Ezell v. City of Chicago*, a case in which the Seventh Circuit held that Chicago's ban on firing ranges likely violated the Second Amendment because it prohibited its residents from obtaining the training and practice necessary to effectively use a firearm. 651 F.3d 684, 704 (7th Cir. 2011).

Neither of these cases are inconsistent with the panel's decision, much less do they create a conflict requiring rehearing en banc. As the panel found, and common experience bears out, a suppressor simply is not necessary to use a firearm effectively.[5] "An operable firearm will work perfectly well without a suppressor, but a suppressor will not transform an inoperable firearm into an

---

recognized, *Bruen* did not abrogate *Cox*'s reasoning because it did not change the definition of what constitutes an "arm." *See Peterson*, 127 F.4th at 946 n.4.

[5] *Amici Curiae* Gun Owners of America, Inc., et al., assert the panel failed "to wrestle with integrally suppressed firearms," or firearms that have a suppressor permanently affixed to its barrel. *See* Amicus Curiae Br. 13 & n.3. This is not an argument that was advanced below or on appeal, *see* Peterson Br. 13–26, nor is it an issue that warrants rehearing en banc because Peterson's unregistered suppressor was found on its own and was not permanently affixed to a firearm. *See* ROA.163–65.

7

operable one." *Peterson*, 127 F.4th at 947 (internal quotation marks and alterations omitted); *see also Saleem*, 2024 WL 5084523, at *2 (A silencer "fails to serve a core purpose in the arm's function. A firearm will still be useful and functional without a silencer attached, and a silencer is not a key item for the arm's upkeep and use like cleaning materials and bullets."). Put another way, a suppressor is self-evidently not a "component part," Pet. for Reh'g at 7, required for a firearm to function as intended or, like access to a firing range, necessary to the effective use of a firearm. Peterson's further analogies to "an ammunition magazine," "a rifle barrel," "a trigger," and a "firing pin," Pet. for Reh'g at 7, all of which are necessary components for an operable gun, are therefore misplaced.

The panel's rejection of Peterson's argument that suppressors are protected by the Second Amendment because they are necessary to use a firearm effectively is again consistent with the unanimous judicial authority on the issue. It does not conflict with Supreme Court precedent and does not warrant en banc review.

**II. This case does not present an exceptionally important question.**

No federal court, at any level, has found that a suppressor is protected by the Second Amendment. Every court to decide the issue, including three appellate courts, has held that a suppressor is not an "arm." This is a simple question with a simple, unanimous answer. The panel did not commit an error, let alone "an error

of exceptional public importance" warranting rehearing en banc. 5th Cir. R. 40 I.O.P.

Moreover, as Peterson himself points out, "millions of suppressors are possessed by law-abiding Americans and are used for [] lawful purposes." Pet. for Reh'g at 10.[6] The NFA's registration requirement does not prevent law-abiding citizens from owning suppressors. It simply ensures that those who own them are, in fact, law-abiding citizens. The NFA requires only that a person who wants a suppressor pass a background check, submit fingerprints and a photograph, and pay a $200 tax. *See* 26 U.S.C. §§ 5811-12, 5841–42; Gov. Br. 78, 16. The only permissible reason for denying an application is where approval "would place the [possessor] in violation of law." 26 U.S.C. § 5812. Because the panel's decision

---

[6] *Amici Curiae* Gun Owners of America, Inc., et al., argue the United States Marine Corps has been issuing suppressors to marines for almost a decade and, because the Second Amendment protects ordinary military equipment, "[i]t must protect suppressors." *See* Amicus Curiae Br. 13 & n.3. As an initial matter, items that are not "arms" do not transform into "arms" simply because they are used by the military. Nor do modern military items dictate the historical meaning of "arms." In fact, this approach is precisely backwards. *See, e.g.*, *Bruen*, 597 U.S. at 28 ("[W]e use history to determine which modern 'arms' are protected by the Second Amendment"); *Bianchi v. Brown*, 111 F.4th 438, 452 (4th Cir. 2024) (en banc) (The Second Amendment protects "modern equivalents of weapons that were commonly possessed and employed for self-preservation by your shopkeeper, or your butcher, or your blacksmith up the road in colonial America—the disarmament of whom the Second Amendment was ratified to prevent."). Moreover, the argument is premised on an overreading of the prefatory clause of the Second Amendment. *See Heller*, 554 U.S. at 595–600. Finally, of course, the United States military is given access to weaponry that often is prohibited or regulated for civilian ownership (e.g., missiles, machineguns, grenades). *See Hollis v. Lynch*, 827 F.3d 436, 445 (5th Cir. 2016), *overruled on other grounds by United States v. Diaz*, 116 F.4th 458 (5th Cir. 2024) ("The Second Amendment does not create a right to possess a weapon solely because the weapon may be used in or is useful for militia or military service.").

9

does not restrict access to a suppressor by anyone who can legally possess one, the case is not one of "exceptional public importance."

In fact, even if the Court would be the first to find that a suppressor is protected by the Second Amendment, the NFA's registration requirement would remain in place. The Court has already held that the type of background check required by the NFA is presumptively constitutional. *See McRorey v. Garland,* 99 F.4th 831, 836 (5th Cir. 2024) ("*Bruen* and *Heller* make clear that background checks preceding firearm sales are presumptively constitutional.").[7] Indeed, such a ruling would not even make a difference in this case because Peterson admitted that he did not attempt to register his suppressor, and therefore cannot succeed on his claim that the NFA is unconstitutional as applied to him. *See* Peterson Br. 12.

Finally, Peterson claims that the "panel's opinion went beyond suppressors" such that it could allow the government to "ban" unspecified "integral components of firearms." Pet. for Reh'g at 10–11; *see* Firearms Regulatory Accountability Coalition, et. al., Amicus Curiae Br. 14–18; Gun Owners of America, Inc., et al., Amicus Curiae Br. 14, 17–20. It did not. The holding of the case is simply that a

---

[7] The Court in *McRorey* noted that "there is some point at which a background check becomes so lengthy" that it becomes unconstitutional, "[b]ut a period of 10 days does not qualify." 99 F.4th at 840. In his district court brief, Peterson cited "silencershop.com" (amicus in this case) for the average wait time for an individual's application to be approved. ROA 97 n.29. That site today lists a median processing time of three days. *See* https://www.silencershop.com/atf-wait-times (last accessed March 17, 2025).

suppressor is not an "arm" protected by the Second Amendment. There was no other Second Amendment question presented to the panel, and it did not decide any. The panel, like the Tenth Circuit and the Fourth Circuit, referred to "firearm accessories" in contradistinction to a firearm itself, including the necessary parts to make the firearm operable. In fact, the panel specifically rejected Peterson's argument that a suppressor is "an integral part of a firearm." *Peterson*, 127 F.4th at 946. Peterson's argument, as well as the arguments put forth by *amici curiae*, that the panel's determination that a suppressor is not an "integral part of a firearm" could hypothetically be used to ban integral parts of a firearm are meritless. And it is also inappropriate for en banc review.

The only Second Amendment question in this case is whether the NFA's registration requirement violates the Constitution. Peterson's request for rehearing en banc to address hypothetical future disputes over unspecified "accessories" asks the Court to issue a sweeping advisory opinion, which it does not do. *See, e.g., Am. Stewards of Liberty v. Dep't of Interior*, 960 F.3d 223, 228 (5th Cir. 2020) ("The federal courts established pursuant to Article III of the Constitution do not render advisory opinions; concrete legal issues, presented in actual cases, not abstractions are requisite.") (alteration and internal quotation marks omitted).

11

# CONCLUSION

The panel correctly held that a suppressor is not an "arm" within the meaning of the Second Amendment. The panel's decision is consistent with every case to decide the issue, including two courts of appeal.

Peterson's petition does not meet the "rigid standards" of Rule 40, 5th Cir. R. 40.2.1, nor does it warrant the "extraordinary procedure" of rehearing en banc, 5th Cir. R. 40 I.O.P. For the foregoing reasons, the Court should deny Peterson's motion for rehearing en banc.

> Respectfully submitted,
>
> MICHAEL M. SIMPSON
> ACTING UNITED STATES ATTORNEY
>
> /s/ *David Berman*
> DAVID BERMAN
> Assistant United States Attorney
> U.S. Attorney's Office (E.D. La.)
> 650 Poydras Street, Suite 1600
> New Orleans, Louisiana 70130
> Telephone: (504) 680-3052
> E-Mail: David.berman@usdoj.gov

# **CERTIFICATE OF SERVICE AND ECF COMPLIANCE**

I hereby certify that on this 17th day of March, 2025, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system. The following ECF-registered counsel of record was served by Electronic Notice of Docket Activity:

David H. Thompson, dthompson@cooperkirk.com
Richard J. Richthofen, Jr., rick@rjrlawfirm.com

I further certify the foregoing document meets the required privacy redactions; that it is an exact copy of the paper document; and the document has been scanned with the most recent version of a commercial virus scanning program and is virus-free.

/s/ *David Berman*
DAVID BERMAN