Case No. 24-30043

# In The
# United States Court of Appeals
## For The Fifth Circuit

**UNITED STATES OF AMERICA,**
                                                Plaintiff - Appellee

v.

**GEORGE PETERSON,**
                                                Defendant - Appellant

Appeal From The United States District Court
For The Eastern District Of Louisiana

Honorable Jay C. Zainey, District Judge
Criminal Docket No. 22-231, Section "A"

**GOVERNMENT'S SECOND UNOPPOSED MOTION
TO DELAY RULING ON DEFENDANT-APPELLANT'S
PETITION FOR REHEARING EN BANC**

The United States of America moves this Court to delay its ruling on defendant-appellant George Peterson's petition for rehearing en banc for another 30 days to allow the government an opportunity to further consider its position.

On February 6, 2025, this Court affirmed Peterson's conviction for possessing an unregistered suppressor, in violation of 26 U.S.C. §§ 5841, 5861(d), and 5871, and held silencers are not "arms" protected by the Second Amendment.

*United States v. Peterson*, 127 F.4th 941 (5th Cir. 2025); Doc. 62. After affirmance, Peterson filed a petition for rehearing en banc, Doc. 95, which was supported by amici curiae briefing. Docs. 110, 111. On March 18, 2025, the government filed an opposition to Peterson's petition for rehearing en banc, arguing that the panel's holding was correct. Doc. 107.

The government later requested that the Court delay its ruling on Peterson's petition for 30 days to allow it an opportunity to further consider its position due to Executive Order 14206, *Protecting Second Amendment Rights*, in which the President directed the Attorney General to examine all executive actions and present a proposed plan to protect the Second Amendment rights of all Americans. Doc. 113. In implementing that order, the Department of Justice is re-evaluating its litigation positions regarding suppressors.

This Court granted the government's motion on March 24, 2025. Doc 120-2. After the Court granted the motion, the Attorney General formed a Second Amendment Task Force related to the executive order.[1]

The government continues to actively review this case but requires additional time to evaluate its position and present it to the Court. Accordingly, the government requests the Court delay ruling on Peterson's petition for rehearing en

---

[1] *See* https://www.justice.gov/ag/media/1395956/dl?inline.

banc for another 30 days. At that time, the government will inform the Court of the status of its review and, if warranted, move for leave to file an amended response.

The government has contacted David H. Thompson, counsel for Peterson, who stated he does not oppose the motion.

## **CONCLUSION**

For the foregoing reasons, the government requests this Court delay its ruling on George Peterson's petition for rehearing en banc for another 30 days.

Respectfully submitted,

MICHAEL M. SIMPSON
ACTING UNITED STATES ATTORNEY

/s/ *Kevin G. Boitmann*
KEVIN G. BOITMANN
Assistant United States Attorney
U.S. Attorney's Office (E.D. La.)
650 Poydras Street, Suite 1600
New Orleans, Louisiana 70130
Telephone: (504) 680-3109
E-Mail: kevin.boitmann@usdoj.gov

# CERTIFICATE OF SERVICE AND ECF COMPLIANCE

I hereby certify that on this 18th day of April, 2025, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system. The following ECF-registered counsel of record was served by Electronic Notice of Docket Activity:

David H. Thompson, dthompson@cooperkirk.com
Richard J. Richthofen, Jr., rick@rjrlawfirm.com
Robert J. Olson, rob@wjopc.com
Stephen Obermeier, sobermeier@wiley.law

I further certify the foregoing document meets the required privacy redactions; that it is an exact copy of the paper document; and the document has been scanned with the most recent version of a commercial virus scanning program and is virus-free.

/s/ *Kevin G. Boitmann*
KEVIN G. BOITMANN

# CERTIFICATE OF COMPLIANCE

Certificate of Compliance with Type-Volume Limitation, Typeface Requirements, and Type Style Requirements

1. This document complies with the type-volume limitation of FED. R. APP. P. 27(d)(2) because:

   ☒ this document contains  355  words, excluding the parts of the document exempted by FED. R. APP. P. 32(f), or

   ☐ this document uses a monospaced typeface and contains _____ lines of text, excluding the parts of the document exempted by FED. R. APP. P. 32(f).

2. This document complies with the typeface requirements of FED. R. APP. P. 32(a)(5) and the type style requirements of FED. R. APP. P. 32(a)(6) because:

   ☒ this document has been prepared in a proportionally spaced typeface using Word 2010 in 14 point New Times Roman, or

   ☐ this document has been prepared in a monospaced typeface using _____ [state name and version of word processing program ] with _____ [state number of characters per inch and name of type style].

/s/ *Kevin G. Boitmann*
KEVIN G. BOITMANN
Assistant U.S. Attorney
April 18, 2025