# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

---

### No. 24-30043

---

### UNITED STATES OF AMERICA,
####                                                    Plaintiff - Appellee
### v.
### GEORGE PETERSON,
####                                                    Defendant - Appellant

---

### Appeal From The United States District Court
### For The Eastern District Of Louisiana

### Honorable Jay C. Zainey, District Judge
### Criminal Docket No. 22-231, Section "A"

---

## GOVERNMENT'S UNOPPOSED MOTION FOR LEAVE TO FILE SUPPLEMENTAL RESPONSE TO DEFENDANT-APPELLANT'S PETITION FOR REHEARING EN BANC

The United States of America, under Federal Rule of Appellate Procedure 32(a)(7)(B) and Fifth Circuit Rule 32.4, moves for leave to file a supplemental response to defendant-appellant George Peterson's petition for rehearing en banc.

On February 6, 2025, this Court affirmed Peterson's conviction for possessing an unregistered suppressor, in violation of 26 U.S.C. §§ 5841, 5861(d), and 5871, and held suppressors are not "arms" protected by the Second Amendment. *United States v. Peterson*, 127 F.4th 941 (5th Cir. 2025); Doc. 62.

After affirmance, Peterson filed a petition for rehearing en banc, Doc. 95, which was supported by amici curiae briefing. Docs. 110, 111. On March 18, 2025, the government filed an opposition to Peterson's petition for rehearing en banc, arguing that the panel's holding was correct. Doc. 107.

  The government later twice requested the Court delay its ruling on Peterson's petition to allow it an opportunity to further consider its position due to Executive Order 14206, *Protecting Second Amendment Rights*, in which the President directed the Attorney General to examine all executive actions and present a proposed plan to protect the Second Amendment rights of all Americans. Doc. 113. The Court granted both requests. Docs. 120, 127.

  The government now seeks leave to file a supplemental response to Peterson's petition stating its position. As explained more fully in its supplemental response, the government's view is that the Second Amendment protects firearm accessories and components such as suppressors. As a result, restrictions on the possession of suppressors burden the right to bear arms, and a ban on the possession of suppressors or other similar accessories would be unconstitutional. However, the National Firearms Act's registration and taxation requirement is constitutional because it imposes a modest burden on a firearm accessory that is consistent with this Nation's historical tradition because suppressors are specially adaptable to criminal misuse. Thus, the panel correctly affirmed Peterson's

conviction, rehearing en banc is unwarranted, but panel rehearing is appropriate to correct the panel opinion's analysis.

For these reasons, the government requests leave to file a supplemental response to George Peterson's petition for rehearing en banc.

David H. Thompson, counsel for George Peterson, has been contacted and does not oppose the government's motion to file a supplemental response.

Respectfully submitted,

MICHAEL M. SIMPSON
ACTING UNITED STATES ATTORNEY

/s/ *Kevin G. Boitmann*
KEVIN G. BOITMANN
Assistant United States Attorney
LA Bar Roll No. 26203
U.S. Attorney's Office (E.D. La.)
650 Poydras Street, Suite 1600
New Orleans, Louisiana 70130
Telephone: (504) 680-3109
E-Mail: kevin.boitmann@usdoj.gov

# **CERTIFICATE OF SERVICE AND ECF COMPLIANCE**

I hereby certify that on this 23rd day of May, 2025, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system. The following ECF-registered counsel of record was served by Electronic Notice of Docket Activity:

    David H. Thompson, dthompson@cooperkirk.com
    Richard J. Richthofen, Jr., rick@rjrlawfirm.com

I further certify the foregoing document meets the required privacy redactions; that it is an exact copy of the paper document; and the document has been scanned with the most recent version of a commercial virus scanning program and is virus-free.

                          /s/ *Kevin G. Boitmann*
                          KEVIN G. BOITMANN

# **CERTIFICATE OF COMPLIANCE**

Certificate of Compliance with Type-Volume Limitation, Typeface Requirements, and Type Style Requirements

1. This document complies with the type-volume limitation of FED. R. APP. P. 27(d)(2) because:

    ☒ this document contains __369__ words, excluding the parts of the document exempted by FED. R. APP. P. 32(f), or

    ☐ this document uses a monospaced typeface and contains _____ lines of text, excluding the parts of the document exempted by FED. R. APP. P. 32(f).

2. This document complies with the typeface requirements of FED. R. APP. P. 32(a)(5) and the type style requirements of FED. R. APP. P. 32(a)(6) because:

    ☒ this document has been prepared in a proportionally spaced typeface using Word 2010 in 14 point New Times Roman, or

    ☐ this document has been prepared in a monospaced typeface using _____[state name and version of word processing program ] with _____ [state number of characters per inch and name of type style].

/s/ *Kevin G. Boitmann*
KEVIN G. BOITMANN
Assistant U.S. Attorney
May 23, 2025