Case No. 24-30043

# In The
# United States Court of Appeals
## For The Fifth Circuit

---

UNITED STATES OF AMERICA,
                         Plaintiff - Appellee

v.

GEORGE PETERSON,
                         Defendant - Appellant

---

Appeal From The United States District Court
For The Eastern District Of Louisiana

Honorable Jay C. Zainey, District Judge
Criminal Docket No. 22-231, Section "A"

---

**GOVERNMENT'S OPPOSITION TO
PETITION FOR REHEARING EN BANC**

---

MICHAEL M. SIMPSON
ACTING UNITED STATES ATTORNEY
EASTERN DISTRICT OF LOUISIANA

KEVIN G. BOITMANN
Assistant U.S. Attorneys
650 Poydras Street, Suite 1600
New Orleans, Louisiana 70130
(504) 680-3109
Attorneys for the United States of America

**October 14, 2025**

# **TABLE OF CONTENTS**

TABLE OF CONTENTS .................................................................................... ii

TABLE OF AUTHORITIES ............................................................................. iii

STATEMENT OF THE ISSUE ...........................................................................1

INTRODUCTION ................................................................................................1

BACKGROUND ..................................................................................................1

ARGUMENT .......................................................................................................4

    I.     The panel's decision does not conflict with precedent from this Court, the Supreme Court, or any other circuit. ...................................4

    II.    This case does not satisfy Rule 40(b)(2)(D). .........................................8

CONCLUSION .....................................................................................................9

CERTIFICATE OF SERVICE AND ECF COMPLIANCE ...................................10

CERTIFICATE OF COMPLIANCE ....................................................................11

# TABLE OF AUTHORITIES

**Cases**

*District of Columbia v. Heller*, 554 U.S. 570 (2008) ................................................................. 7

*Koons v. New Jersey*, ___ F.4th ___, 2025 WL 2612055 (3d Cir. Sep. 10, 2025) ......................... 7

*McRorey v. Garland*, 99 F.4th 831 (5th Cir. 2004) ............................................................. 2, 4, 5

*New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (2022) ................ 2, 3, 4, 5, 7

*United States v. Cox*, 906 F.3d 1170 (10th Cir. 2018) ................................................................. 6

*United States v. Peterson*, ___ F.4th ___, 2025 WL 2462665 (5th Cir. Aug. 27, 2025) ................ 2

*United States v. Rahimi*, 602 U.S. 680 (2024) ............................................................................ 5

*United States v. Saleem*, 2024 WL 5084523 (4th Cir. 2024) ....................................................... 6

**Statutes**

One Big Beautiful Bill Act, Pub. L. No. 119-21, § 70436(a), (d), 139 Stat. 72 (July 4, 2025) .. 6, 8

26 U.S.C. § 5841 ........................................................................................................................... 1

26 U.S.C. § 5861 ........................................................................................................................... 1

26 U.S.C. § 5871 ........................................................................................................................... 1

**Other Authorities**

Daniel D. Slate, *Infringed*, 3 J. Am. Const. Hist. 381 (2025) ....................................................... 5

**Rules**

Fed. R. App. P. 40 .................................................................................................................. 4, 7, 8

5th Cir. R. 40 I.O.P. ...................................................................................................................... 6

# STATEMENT OF THE ISSUE

Whether the en banc Court should review the panel's holding—that the National Firearms Act's modest restrictions on possessing firearm suppressors as part of its shall-issue licensing scheme did not violate George Peterson's Second Amendment rights—when the holding does not conflict with precedent from this Court, other Courts of Appeal, or the Supreme Court.

# INTRODUCTION

Defendant-Appellant George Peterson asks this Court to reconsider its decision holding that the National Firearms Act's (NFA's) prohibition on the possession of unregistered suppressors does not violate the Second Amendment. The panel correctly held that the NFA's modest restrictions on suppressor possession do not violate the Second Amendment right to keep and bear arms. That decision does not conflict with any decisions of this Court, the Supreme Court, or any other court of appeals. Further, Peterson's disagreement with various aspects of the panel's reasoning does not warrant en banc review. The Court should deny the petition.

# BACKGROUND

George Peterson entered a conditional guilty plea to possessing an unregistered suppressor, in violation of 26 U.S.C. §§ 5841, 5861(d), and 5871. ROA.162 (minute entry); ROA.232–36 (plea agreement); *see* ROA.9–10

(indictment). The panel initially affirmed on the basis that suppressors are not "arms" protected by the Second Amendment. *See* Feb. 6, 2025 Docket Entry. After Peterson filed a petition for rehearing en banc, Doc. 95, the government responded by arguing that restrictions on suppressors implicate the Second Amendment but the NFA's registration and taxation requirement is nevertheless constitutional. Doc. 135. The panel withdrew its decision, Doc. 141, and later issued a precedential opinion affirming Peterson's conviction. Doc. 151-1 (Op.).[1]

The panel "assume[d] without deciding that suppressors constitute 'arms' under the Second Amendment," Op. 11, but it held "the NFA suppressor-licensing scheme is presumptively constitutional because it is a shall-issue licensing regime" that is permissible under *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (2022). Op. 11–12. The panel explained that *Bruen* did not call into question shall-issue license-to-carry regimes that do not impose "lengthy wait times" or "exorbitant fees" that "deny ordinary citizens their right to public carry." Op. 10 (quoting *Bruen*, 597 U.S. at 38 n.9). The panel also relied on this Court's decision in *McRorey v. Garland*, 99 F.4th 831, 833–39 (5th Cir. 2004), which held that heightened background-check standards for 18- to 20-year-olds were "presumptively constitutional as a shall-issue condition on the purchase of arms"

---

[1] *United States v. Peterson*, ___ F.4th ___, 2025 WL 2462665 (5th Cir. Aug. 27, 2025).

2

because they imposed "narrow, objective, and definite standards to ensure that purchasers are law-abiding, responsible citizens." Op. 11 (quotation marks omitted).

The panel explained the NFA's suppressor-licensing scheme denies an application based only on the "objective and definite licensing criterion" that the person's making or possessing the suppressor would violate the law. Op. 11 (quotation marks and brackets omitted). "[T]he NFA's fingerprint, photograph, and background-check requirements are designed to ensure only that those bearing arms in the jurisdiction are, in fact, law-abiding, responsible citizens." Op. 11–12 (quotation marks omitted). Also, the record was "devoid of any facts indicating that the NFA has been put toward abusive ends as applied to" Peterson or that "a $200 tax as applied to him would deny him his Second Amendment rights." Op. 13 & n.3 (quotation marks omitted). Thus, Peterson had not overcome the presumption that the NFA's shall-issue regime was constitutional. Op. 14.

The panel observed that, if Peterson had "show[n] the NFA's requirements had been put towards abusive ends as applied to him," the Court would have "proceed[ed] to the second step of the *Bruen* analysis" and required the government to "identify a well-established and representative analogue for the NFA." Op. 14 n.5 (quotation marks omitted). Although it did "not reach th[e] issue here," the panel noted that "some courts have concluded that the NFA's

3

suppressor-registration requirements pass constitutional muster under *Bruen*'s second step." *Id.* (collecting cases).

Peterson timely filed a petition for rehearing en banc. Doc. 156-1 (Pet.).

## ARGUMENT

I. **The panel's decision does not conflict with precedent from this Court, the Supreme Court, or any other circuit.**

The panel correctly held the NFA's restriction on the possession of unregistered suppressors does not violate the Second Amendment. As the government's earlier filing explained, the NFA imposes only a modest burden on the possession of suppressors. Doc. 135, p. 5. The NFA's restrictions are consistent in both their "how" and "why" with historical laws regulating weapons that were particularly susceptible to criminal misuse. Doc. 135, pp. 6–9. *Bruen* endorsed other similarly modest schemes, such as shall-issue license-to-carry laws. Doc. 135, p. 9. The panel here analogized to shall-issue licensing laws to uphold the NFA's application to Peterson's conduct. Op. 10–12.

Peterson fails to show the panel's decision conflicts with a decision of this Court, the Supreme Court, or any other court of appeals. *See* Fed. R. App. P. 40(b)(2)(A), (B), (C). Peterson implicitly recognizes the panel decision is consistent with this Court's jurisprudence by asking the Court to "reconsider its earlier precedent of *McRorey*" that "recognized a presumption of constitutionality for certain firearm licensing laws." *See* Pet. 12. There is no need to reconsider that

decision, however, because *McRorey* correctly relied on Supreme Court precedent in reaching its holding. *See McRorey*, 99 F.4th at 836–38. This case would be a poor vehicle for reconsidering *McRorey* given that the NFA's restrictions on suppressors are constitutional regardless of the presumption recognized in *McRorey*. *See* Op. 14 n.5; Doc. 135 at 5–9.

Peterson also fails to demonstrate a conflict with Supreme Court precedent. Although Peterson contends the panel misapplied *Bruen* by failing to "hold the Government to its burden to present a sufficient historical analog," Pet. 4, the Second Amendment analysis turns on whether a modern statute is "consistent with the principles that underpin [the Nation's] regulatory tradition." *United States v. Rahimi*, 602 U.S. 680, 692 (2024). As the government previously explained, Doc. 135, p. 6, the founding generation distinguished between a valid regulation and an impermissible "infringement" of the right to keep and bear arms. *See* Daniel D. Slate, *Infringed*, 3 J. Am. Const. Hist. 381, 382–87 (2025). The panel here correctly applied that principle to conclude Peterson failed to show the NFA's modest burden on suppressors "effectively 'den[ied]' him his Second Amendment rights." Op. 14 (quoting *Bruen*, 597 U.S. at 38 n.9). The government, on the other hand, demonstrated the NFA's restrictions on suppressors are consistent with the historical tradition. Doc. 135 at 6–10.

Peterson mostly argues that the panel improperly conflated the NFA's registration requirement and tax with a mere licensing scheme that charges a fee. Pet. 5-11. However, the panel did not hold the NFA's registration and taxation requirement is equivalent in every way to a license-to-carry regime that charges a fee. Instead, the panel reasoned that, like shall-issue license-to-carry laws, the NFA does not outright prohibit suppressor possession but rather merely conditions possession on proper criteria. *See* Op. 11–12. Additionally, the panel reasoned that Peterson had not shown that the NFA's $200 tax operated to "deny him his Second Amendment rights." Op. 13 n.3.[2] Nothing in the panel's decision conflicts with the Supreme Court's decisions regarding unconstitutional taxation.[3]

Peterson fails to identify any court—at any level—that has struck down the NFA's restrictions on suppressors. The other courts of appeals to consider the question have held the NFA does not violate the Second Amendment. *See United States v. Saleem*, No. 23-4693, 2024 WL 5084523 (4th Cir. 2024) (per curiam) (unpublished); *United States v. Cox*, 906 F.3d 1170, 1186 (10th Cir. 2018). Thus,

---

[2] Effective January 1, 2026, Congress has reduced the tax for certain NFA firearms, including suppressors, to $0. One Big Beautiful Bill Act, Pub. L. No. 119-21, § 70436(a), (d), 139 Stat. 72, 247–48 (July 4, 2025). Accordingly, Peterson's taxation-related arguments lack prospective importance, further undermining the case for en banc review.

[3] Peterson's disputes the panel's determination of what his counsel "conceded" at argument or whether he preserved specific arguments. *See* Pet. 7–8. These fact-specific questions do not warrant en banc review. *See* 5th Cir. R. 40 I.O.P. ("Alleged errors in the facts of the case … or in the application of correct precedent to the facts of the case are generally matters for panel rehearing but not for rehearing en banc.").

rather than resolving a circuit conflict, ruling in Peterson's favor would create one. That is not the purpose of en banc review. *See* Fed. R. App. P. 40(b)(2)(C).

Peterson incorrectly claims the panel decision "created a circuit split" with the Third Circuit's subsequent decision in *Koons v. New Jersey*, ___ F.4th ___, 2025 WL 2612055, at *21 (3d Cir. Sep. 10, 2025), *see* Pet. 13, which held that a state law imposing an additional $50 fee for handgun carry permits that was allocated to a crime-victim compensation fund was likely unconstitutional. *Koons*'s reasoning and outcome do not conflict with the panel's decision here.

*Koons* did not involve the NFA but rather an entirely different state law. *See Koons*, 2025 WL 2612055, at *1. Also, *Koons* involved a burden on the public carry of handguns, "the quintessential self-defense weapon," *District of Columbia v. Heller*, 554 U.S. 570, 629 (2008), whereas this case involves suppressors, a useful but nonessential firearm accessory. Further, the victim-compensation fee in *Koons* was enacted in 2022 in direct response to *Bruen*, the holding of which made clear that New Jersey's may-issue handgun licensing scheme—like the New York licensing scheme invalidated in *Bruen*—would violate the Second Amendment. *See Koons*, 2025 WL 2612055, at *1. The NFA, by contrast, is a 90-year-old law, passed under Congress's taxing power, and was not enacted in response to, and with intent to nullify, a Second Amendment-protective precedent from the Supreme Court. Peterson cannot show any direct conflict with *Koons*.

7

## II. This case does not satisfy Rule 40(b)(2)(D).

Peterson claims this case presents the exceptionally important question, *see* Fed. R. App. P. 40(b)(2)(D), of "how far the Federal Government may go in making the exercise of a fundamental right difficult, costly, and ultimately punishable by criminal law." Pet. 13. The questions the panel resolved, however, are narrower than Peterson claims. The NFA regulation at issue does not target ordinary firearms such as handguns but only nonessential firearm accessories that are uniquely adaptable to criminal misuse. Law-abiding citizens remain free to possess suppressors so long as they register them. Also, recent legislative changes mitigate Peterson's taxation concerns. Effective January 1, 2026, there will be no taxation on making and transferring suppressors. *See* One Big Beautiful Bill Act § 70436(a), (d).

Additionally, the panel decision would not allow the government to "impose taxation and registration requirements on every privately owned firearm in the Nation," as Peterson claims. *See* Pet. 14. As the government's previous filing made clear, registration laws or taxes on ordinary firearms would trigger a different analysis, because such laws would impose a more severe burden on the right to keep and bear arms. Doc. 135, p. 8 n.9. Further, the panel's decision was not as "far-reaching" as Peterson claims. *See* Pet. 14. The panel made clear that it "decide[d] *only* that Peterson has failed to develop any argument or record to show

that the NFA is unconstitutional as applied to him." Op. 15 (quotation marks omitted) (emphasis added). Indeed, the panel neither "foreclose[d] the possibility that another litigant may successfully challenge the NFA's requirements," Op. 15, nor suggested that a taxation and registration requirement on "every privately owned firearm in the Nation" would be constitutional. *See* Pet. 14. Further review, therefore, is unwarranted.

## CONCLUSION

For the foregoing reasons, the government requests the Court deny Defendant-Appellant George Peterson's petition for rehearing en banc.

Respectfully submitted,

MICHAEL M. SIMPSON
ACTING UNITED STATES ATTORNEY

/s/ *Kevin G. Boitmann*
KEVIN G. BOITMANN
Assistant United States Attorney
U.S. Attorney's Office (E.D. La.)
650 Poydras Street, Suite 1600
New Orleans, Louisiana 70130
Telephone: (504) 680-3109
E-Mail: kevin.boitmann@usdoj.gov

**CERTIFICATE OF SERVICE AND ECF COMPLIANCE**

  I hereby certify that on this 14th day of October, 2025, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system. The following ECF-registered counsel of record was served by Electronic Notice of Docket Activity:

  David Thompson, dthompson@cooperkirk.com

  I further certify the foregoing document meets the required privacy redactions; that it is an exact copy of the paper document; and the document has been scanned with the most recent version of a commercial virus scanning program and is virus-free.

          /s/ *Kevin G. Boitmann*
          KEVIN G. BOITMANN

# **CERTIFICATE OF COMPLIANCE**

Certificate of Compliance with Type-Volume Limitation, Typeface Requirements, and Type Style Requirements

1. This document complies with the type-volume limitation of FED. R. APP. P. 40(b)(1) because:

    ☒ this document contains  1,950  words, excluding the parts of the document exempted by FED. R. APP. P. 32(f), or

    ☐ this document uses a monospaced typeface and contains _____ lines of text, excluding the parts of the document exempted by FED. R. APP. P. 32(f).

2. This document complies with the typeface requirements of FED. R. APP. P. 32(a)(5) and the type style requirements of FED. R. APP. P. 32(a)(6) because:

    ☒ this document has been prepared in a proportionally spaced typeface using Word 2010 in 14 point New Times Roman, or

    ☐ this document has been prepared in a monospaced typeface using _____[state name and version of word processing program ] with _____ [state number of characters per inch and name of type style].

/s/ *Kevin G. Boitmann*
KEVIN G. BOITMANN
Assistant U.S. Attorney
October 14, 2025