IN THE UNITED STATES COURT OF APPPEALS
FOR THE FIFTH CIRCUIT

_____

No. 24-30043
_____

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

*v.*

GEORGE PETERSON,
*Defendant-Appellant.*

_____

On Appeal from the United Stated District Court
for the Eastern District of Louisiana,
USDC No. 2:22-CR-231-1
_____

**DEFENDANT-APPELLANT'S UNOPPOSED
MOTION TO STAY ISSUANCE OF MANDATE**

Defendant-Appellant George Peterson respectfully moves this Court under Federal Rule of Appellate Procedure 41(d)(1) and Fifth Circuit Rule 41.1 to stay issuance of the mandate pending the filing and disposition of a timely petition for a writ of certiorari in the Supreme Court of the United States. This Court may stay issuance of the mandate if a petition for writ of certiorari "would present a substantial question and that there is good cause for a stay." FED. R. APP. P. 41(d)(1). Peterson satisfies both requirements, and the Government does not oppose this motion.

1

The question whether the National Firearms Act's taxation and registration regime for firearm suppressors is consistent with the Second Amendment to the United States Constitution is substantial for at least three reasons.

First, that question encompasses the preliminary issue whether the plain text of the Second Amendment covers firearm suppressors. Whether the Second Amendment covers suppressors is a significant issue that at least two of this Court's sister circuits are presently considering, Opening Br., *Sanchez v. Bonta*, No. 24-5566 (9th Cir. Mar. 28, 2025), Dkt. No. 34.1 at 21; Opening Br., *Anderson v. Raoul*, Nos. 25-2642, 25-2663 (7th Cir. Nov. 3, 2025), Dkt. No. 18 at 42, and its resolution has the potential to affect the millions of Americans who own suppressors, *see Suppressor Owner Study*, NSSF, 29 (2025), https://perma.cc/BRS8-4ZK6, as a few states have enacted legislation that bans the possession of suppressors, Ronald Turk, *White Paper: Options to Reduce or Modify Firearms Regulations,* BATFE, 6 (Jan. 20, 2017), https://perma.cc/J6HR-4R3T.

Second, this Court equated the National Firearm Act's *taxation* and *registration* regime with mere *licensing*. *See* Op. at 11, Dkt. No. 195. But as then-Judge Kavanaugh explained, licensing is distinct from registration. *See Heller v. District of Columbia* ("*Heller II*"), 670 F.3d 1244, 1291 (D.C. Cir. 2011) (Kavanaugh, J., dissenting). Similarly, the Third Circuit had held that an additional $50 fee for a handgun carry permit was likely unconstitutional and should be

2

enjoined despite recognizing that "shall-issue licensing regimes and their associated fees . . . remain presumptively constitutional." *Koons v. Att'y Gen. N.J.*, 156 F.4th 210, 246–47 (3d Cir. 2025). That decision was vacated after the Third Circuit granted petitions for rehearing en banc filed by the parties challenging the handgun-permit fee that raised other issues. *Siegel* Pls.-Appellees/Cross-Appellants' Pet. for Reh'g and Reh'g En Banc, *Koons v. Att'y Gen. N.J.*, Nos. 23-1900 & 23-2043 (3d Cir. Oct. 8, 2025), Dkt. No. 158-1 at 7; *Koons* Pls.-Appellees' Pet. for Reh'g En Banc, *Koons v. Att'y Gen. N.J.*, No. 23-1900 & 23-2043 (3d Cir. Oct. 8, 2025), Dkt. No. 159 at 7–8; Order Sur Pets. for Reh'g En Banc, *Koons v. Att'y Gen. N.J.*, No. 23-1900 & 23-2043 (3d Cir. Dec. 11, 2025), Dkt. No. 167 at 2. But the point remains that this issue of national importance is a contestable one.

Third and relatedly, this Court equated *taxation* on the exercise of a constitutional right with a mere licensing-*fee*. *See* Op. at 13–14, Dkt. No. 195. In the First Amendment context, the Supreme Court has indicated that a licensing regime may include a fee to defray the costs of granting licenses. *See Cox v. New Hampshire*, 312 U.S. 569, 576–77 (1941). Taxation, on the other hand, seeks to raise revenue and has the effect of deterring constitutionally protected conduct. The citizens of this Nation cannot be made to pay a tax that singles out the "exercise of . . . a high constitutional privilege." *Follett v. Town of McCormick*, 321 U.S. 573, 578 (1944). As the Third Circuit with whom this Court has split explained, a fee that is untethered

3

to the costs of administration or "maintenance of public order created by the licensed conduct" cannot survive constitutional scrutiny. *Koons*, 156 F.4th at 247.

The constitutionality of the National Firearms Act's registration scheme has already caught the attention of the Supreme Court. The Supreme Court recently ordered responses to petitions for writ of certiorari that challenge the Act's requirements for short-barreled rifles. *See Rush v. United States*, No. 24-1259 (U.S.); *Robinson v. United States*, No. 25-5150 (U.S.). The call for a response indicates an interest in the constitutionality of the Act, which is consistent with the Supreme Court's previous suggestion that the "National Firearms Act's restrictions" in particular "might be unconstitutional" when applied to protected arms. *District of Columbia v. Heller*, 554 U.S. 570, 624 (2008). Although the Supreme Court ultimately denied the petitions involving short-barreled rifles, the denial could suggest that the Supreme Court is simply looking for a different vehicle. Indeed, Justice Kavanaugh has expressed doubt about the constitutionality of registration requirements because registration requirements, unlike licensing laws, "require registration of individual guns and do not meaningfully serve the purpose of ensuring that owners know how to operate guns safely in the way certain licensing requirements can." *Heller II*, 670 F.3d at 1291 (Kavanaugh, J., dissenting).

The question whether the National Firearms Act's registration and taxation scheme is consistent with the Second Amendment asks how far the government may

4

go in making the exercise of a fundamental right difficult, costly, and ultimately punishable by criminal law. This question is undoubtedly important to the law and to everyday people seeking clarity about whether their conduct is constitutionally protected. The doubt expressed by the Supreme Court about the constitutionality of the National Firearms Act, the views of Justice Kavanaugh on registration schemes, and the Supreme Court's decision to order a response in a similar case suggest that there is a substantial likelihood that the Supreme Court would grant review and would hold that the registration and taxation scheme is unconstitutional. Given that likelihood, Peterson's petition will present a substantial question that merits a stay of the issuance of the mandate.

Good cause also exists to stay issuance of the mandate because Peterson will suffer irreparable harm if required to report to prison during the pendency of his petition. The district court has "ordered that [he] shall remain out on bond pending his appeal" and will "set a self-surrender date after his appeal has been ruled on." Order Extending Self-Surrender Date, *United States v. Peterson*, Case No. 2:22-cr-00231 (E.D. La. Feb. 23, 2024), Dkt. No. 72 at 1. Granting Peterson's stay would ensure that his appeal remains pending while the Supreme Court considers his case. If he were imprisoned before the Supreme Court rules on his petition, Peterson could be deprived of his liberty for a conviction and sentence that the Supreme Court would ultimately vacate in their entirety if it were to rule in his favor. Peterson will

suffer irreparable harm if he is forced to serve prison time that a ruling in his favor would obviate. *Cf. Miroyan v. United States*, 439 U.S. 1338, 1343–44 (1978) (Rehnquist, J., in chambers) (holding no "irreparable injury" because the "most applicants could expect is a remand . . . for consideration . . . of whether there was probable cause," and "if that question was resolved adversely . . ., there is no reason to think that their judgments of conviction would not again be affirmed"); *United States v. Silver*, 954 F.3d 455, 460 (2d Cir. 2020) (holding no good cause when it was "all but certain that [the defendant] would serve at least some time in prison even in the unlikely event that he were to succeed before the Supreme Court").

For these reasons, Peterson respectfully requests that this Court grant his motion to stay issuance of the mandate pending the filing and disposition of his petition for writ of certiorari.

Dated: December 15, 2025

Richard J. Richthofen, Jr.
3900 Canal Street
New Orleans, Louisiana 70119
Office: (504) 899-7949
Facsimile: (504) 899-2518
Email: rick@rjrlawfirm.com

Cody J. Wisniewski
FPC ACTION FOUNDATION
5550 Painted Mirage Road, Suite 320
Las Vegas, Nevada 89149
Telephone: (615) 955-4306

Respectfully submitted,

/s/ David H. Thompson
David H. Thompson
Peter A. Patterson
William V. Bergstrom
Athie O. Livas
COOPER & KIRK, PLLC
1523 Hew Hampshire Ave., N.W.
Washington, D.C. 20036
Telephone: (202) 220-9600
Facsimile: (202) 220-9601
dthompson@cooperkirk.com
ppatterson@cooperkirk.com

Facsimile: (615) 334-0463    wbergstrom@cooperkirk.com
cwi@fpcafhq.org    alivas@cooperkirk.com

*Counsel for Defendant-Appellant George Peterson*

## CERTIFICATE OF CONFERENCE

In accordance with Fifth Circuit Rule 27.4, counsel for Defendant-Appellant Peterson has conferred with counsel for the Government regarding this motion. Counsel for the Government does not oppose the requested stay.

Dated: December 15, 2025　　　　　　　　/s/ David H. Thompson
　　　　　　　　　　　　　　　　　　　　David H. Thompson

　　　　　　　　　　　　　　　　　　　　*Counsel for Defendant-Appellant*
　　　　　　　　　　　　　　　　　　　　*George Peterson*

## CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limitation of Fed. R. App. 27(d)(2)(A) because this motion contains 1,258 words, excluding the parts of the motion exempted by Fed. R. App. 27(d)(2) and 32(f).

This motion complies with the typeface requirements of Fed. R. App. 32(a)(5) and the typestyle requirements of Fed. R. App. 32(a)(6) because this motion has been prepared in proportionally spaced typeface, 14-point Times New Roman font, using Microsoft Word.

Dated: December 15, 2025                /s/ David H. Thompson
                                        David H. Thompson

                                        *Counsel for Defendant-Appellant*
                                        *George Peterson*